UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD J. PIERCE,

    Petitioner,

        v.                               CAUSE NO. 3:18-CV-857-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Ronald J. Pierce, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 16-8-19) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of aggravated battery in violation of Indiana Department of Correction Offense 102 and Ind. Code § 35-42-2-1.5. Following a disciplinary hearing, he was sanctioned with a loss of one hundred twenty days earned credit time, a demotion in credit class, and restitution in the amount of $2,814.60.

Pierce argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to support a finding of guilt. He maintains that the evidence demonstrated that he was forced to engage in self-defense and that correctional officers failed to protect him from the attack of another inmate.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Indiana statute defines the criminal offense of aggravated battery as the knowing or intentional infliction of injury on a person that causes "serious permanent disfigurement" or "protracted loss or impairment of the function of a bodily member or organ." Ind. Code. § 35-42-2-1.5. The administrative record includes a conduct report in which a correctional officer represents that, during an interview regarding the assault of another inmate, Pierce told him that he had punched that inmate three times. The correctional officer further represented that that inmate had been blinded as a result. This conduct report constitutes some evidence that Pierce committed aggravated battery. Though Pierce maintains that correctional staff's failure to protect him forced him to act in self-defense, he has no constitutional right "to raise self-defense as a complete defense in prison disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007); *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994). Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Pierce argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He represents that the hearing officer demonstrated bias by finding him guilty, by refusing to disclose confidential statements, and by denying him a continuance. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for

improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains no indication that the hearing officer had any personal involvement in the underlying charge. Further, though the hearing officer found Pierce guilty and denied many of his requests, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

      Pierce argues that he is entitled to habeas relief because correctional staff did not allow him to review the confidential witness statements from the investigative file. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, a hearing officer may consider confidential information without allowing an inmate to personally review them, particularly if it would present a risk to safety or security. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); *Outlaw v. Anderson*, 29 F. App'x 372, 374 (7th Cir. 2002). Here, the Warden expresses his concerns that disclosure of the investigative file would reveal witness identities, facility procedures, and contact information for correctional staff, and, after reviewing the file, these concerns are well-taken. Further, the investigative file contains no evidence to suggest that Pierce did not batter the victim. Therefore, the argument

that Pierce was not allowed to review the confidential witness statements is not a basis for habeas relief.

Pierce argues that he is entitled to habeas relief because the conduct report did not include the correct date. He maintains that the incorrect date caused the hearing officer to review the wrong video surveillance recording. Pierce did not raise this claim on administrative appeal, so this claim is procedurally defaulted. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002) ("Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies."). Further, even if the conduct report included the wrong date, it would have been harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). This is because he maintains that the video recording was necessary to show that he acted in self-defense, but self-defense is not a valid defense in this context. The same reasoning also applies to the claim that the hearing officer improperly refused to continue the hearing to allow him more time to gather witness statements in support his claim of self-defense. Therefore, these claims are not a basis for habeas relief.

Pierce argues that that he is entitled to habeas relief because the appeal process did not adequately address the alleged procedural defects that occurred during his hearing. He also argues that correctional staff did not adequately investigate the conduct report. While the right to procedural due process affords Pierce certain procedural rights for disciplinary proceedings, the right to administrative appeal and

4

the right to a thorough investigation are not included among them. *See Wolff*, 418 U.S. at 563-66; *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Therefore, these claims are not a basis for habeas relief.

Finally, Pierce argues that he is entitled to habeas relief because funds were taken from his prison account as restitution for the victim's medical bills. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). "[R]estitution does not impact the fact or duration of [an inmate's] confinement." *Smith v. Neal*, 660 F. App'x 473, 475 (7th Cir. 2016). Therefore, this claim is not a basis for habeas relief.

Because Pierce has not asserted a valid claim for habeas relief, the habeas petition is denied. If Pierce wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 5);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Ronald J. Pierce leave to proceed in forma pauperis on appeal.

SO ORDERED on 2/17/21

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT